# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

DOCKET NO. 3:96-cr-105-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| MARIO CLINTON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER comes now before the Court on Defendant's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 199) based upon the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission. See United States Sentencing Commission Sentencing Guidelines, Amendment 706, as amended by Amendment 711 (reducing the guideline range for crack cocaine offenses, effective November 1, 2007) and Amendment 713 (making Amendment 706 retroactive, effective March 3, 2008). The Government responded in opposition to the motion (Doc. No. 214). The Government concedes that Defendant is eligible for a reduction pursuant to Amendment 706, and the Court is inclined to agree. For the reasons stated herein, the Court GRANTS Defendant's Motion in part and DENIES Defendant's Motion in part.

Section 3582(c)(2) of Title 18 provides that in the case of a defendant who has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been

lowered by the Sentencing Commission," upon motion of the defendant or upon its own motion, the court *may* reduce the term of imprisonment, "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable" and if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. The text of § 1B1.10, as amended, makes clear in subsection (a)(3) that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." Id. § 1B1.10(a)(3). In the Commentary to § 1B1.10, the Sentencing Commission emphasized that the decision to grant a sentence reduction authorized by retroactive amendments is a discretionary decision, making clear that defendants are not entitled to such reductions as a matter of right: "The authorization of such a *discretionary reduction* . . . does not entitle a defendant to a reduced term of imprisonment as a matter of right." Id. Background Commentary (emphasis added); see also U.S.S.G. § 1B1.10(a)(1) (indicating that the Court "*may* reduce the defendant's term of imprisonment") (emphasis added).

Defendant Mario Clinton was indicted along with eight co-defendants in a twenty-count Bill of Indictment in the Western District of North Carolina on July 8, 1996. Clinton was charged with: (1) conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1); (2) possession with intent to distribute cocaine base and aiding and abetting the same in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and (3) possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Clinton entered into a plea agreement on November 22, 1996 in which he pleaded guilty to the single conspiracy charge. Pursuant to the plea agreement, the parties stipulated that Clinton was responsible for 1.5 kilograms of cocaine base.

Defendant's original guideline sentencing range was 235 to 293 months based on a base

offense level 37 and a criminal history category II.[1]  At Defendant's sentencing hearing on April 11, 1997, the Court sustained Defendant's objection to a 2-level firearm enhancement in order to reflect the single conspiracy conviction pursuant to the plea agreement, and sustained Defendant's objection to the criminal history category II.  Defendant's adjusted range was 168 to 210 months, based on an adjusted offense level of 35, pursuant to a 3-level reduction for "acceptance of responsibility" and a criminal history category of I.  Defendant was sentenced to 168 months imprisonment, at the low end of the range and consistent with the statutory mandatory minimum of 120 months.  Defendant has been credited by the Bureau of Prisons with 152 months and is scheduled for release on July 2, 2009.  Defendant suggests that his retroactive adjusted sentence range would be 135 to 168 months, based on an offense level of 33 and a criminal history category I.  Defendant further moves the Court to readjust his sentence to 135 months, at the low end of the range consistent with Defendant's sentence under the initial guideline range.  Doing so would not only result in the immediate release of Defendant but also effectively create a seventeen (17) month "credit" to be applied against any future sentence that the Court might later impose upon revocation of supervised release.

The Government points out that Defendant had an extensive role in a violent drug conspiracy in Gaston and Mecklenburg Counties that lasted more than two years.  Defendant was personally involved in the sale of crack cocaine on numerous occasions, contributing to the conspiracy's ultimate distribution of more than six kilograms of crack cocaine.  During his involvement with the conspiracy, Defendant was regularly armed and even displayed a .380 Glock pistol during one controlled buy.  The Government also notes that while in custody, Defendant received six

---

[1] Defendant's initial Offense Level was 38.  Section 2D1.1(b)(1) of the United States Sentencing Guidelines called for a 2-level firearm enhancement, raising his Offense Level to 40.  He also received a 3-level reduction for "Acceptance of Responsibility" pursuant to USSG § 3E1.1, lowering his Offense Level to 37.

disciplinary actions, though as Defendant counters, the last was received in 2004 and none were violent. Defendant is currently enrolled in the Residential Drug Treatment Program and is on the waiting list to be transferred to a halfway house. The Court also notes Defendant's involvement and participation in a number of educational programs while in custody, including the completion of his GED.

Pursuant to 18 U.S.C. § 3553(a), the Court is called upon to, "impose a sentence sufficient, but not greater than necessary," to effectuate the policy goals of crime punishment. Specifically, the Court takes note of the need for the sentence imposed to, "promote respect for the law," and to "afford adequate deterrence to criminal conduct," and is accordingly reluctant to grant Defendant's Motion in full. § 3553(a)(2)(A),(B). The Court agrees that Defendant is eligible for a reduction based upon Amendment 706 and that the appropriate guideline range is 135 to 168 months based on an offense level of 33 and criminal history category I.

However, the Court is reluctant to adjust Defendant's sentence to 135 months, the low end of the revised range, because the resulting 17 month credit would diminish this Court's ability to "promote respect for the law" and "afford adequate deterrence." Specifically, the Court notes the fact that Defendant was armed during his ongoing involvement with the crack conspiracy for which he was convicted, demonstrating a willingness to engage in violence, as well as his six disciplinary citations. While the Court commends Defendant's efforts to better himself while in custody, the Court does not consider a 33 month sentence adjustment resulting in a 17 month prison "credit" to be appropriate for furthering the interests of justice. Instead, the Court will adjust Defendant's sentence to 155 months, a sentence it considers sufficient but not greater than necessary.

## CONCLUSION

Defendant's Motion For Reduction of Sentence is GRANTED in part and DENIED in part. Defendant's sentencing range is retroactively adjusted to 135 to 168 months pursuant to an adjusted base offense level of 33 and a criminal history category I. His term of imprisonment is adjusted from 168 months to 155 months.

IT IS SO ORDERED.  Signed: June 17, 2008

Frank D. Whitney
United States District Judge